Case 3:16-cr-00218-RAM   Document 1168   Filed 04/12/22   Page 1 of 17

U.S. v. Obryan Hernandez-Lopez, 16-218 (RAM)

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

2022.04.12
14:00:08
-04'00'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[6] Obryan Hernandez-Lopez,
Defendant.

CRIMINAL NO. 15-640 (RAM)
& 16-218 (RAM)

TYPE C

PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Obryan Hernandez-Lopez, and Defendant's counsel, Francisco Adams-Quesada, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment in CR 15-640 and Counts One and Twenty of the Second Superseding Indictment in CR 16-218:

<u>CR 15-640</u>:


FJAQ
O.H.L

Defendant agrees to plead guilty to Count One, which charges that on or about October 15th, 2015, the Defendant, Obryan Hernandez-Lopez, aided and abetted by ~~his co-defendants~~ others, unlawfully attempted to enter, with the intent to steal anything of value, to include, any material or compound containing any quantity of a controlled substances, the business premises or property of Farmacia San Pedro, and that the

USAO-DPR-Plea Agreement                                                          Page | 1

replacement cost of the material and compound containing controlled substances was not less than five hundred dollars ($500.00). All in violation of 18 U.S.C. § 2118(b).

CR 16-218:

Count One charges the defendant with conspiring to violate 18 U.S.C. § 1962(c), namely, that beginning in or about the year 2005, and up to and until April 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Obryan Hernandez-Lopez, and other persons, being persons employed by and associated with the enterprise, which engaged in, and the activities of which affected, interstate, and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly, and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity to include robbery, drug distribution and other acts of violence, including murder. All in violation of Title 18 U.S.C. § 1962(d).

Count Twenty charges him, namely, that beginning in or about the year 2005, and up to and until April 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Obryan Hernandez-Lopez, and other persons, aiding and abetting each other, did knowingly and unlawfully used and carried firearms, as that term is defined in Title 18 U.S.C. § 921(a)(3), during and in relation to a controlled substance offense as charged in Count Seventeen of the Second Superseding Indictment. All in violation of Title 18 U.S.C. §§ 924(c)(1)(A) and 2.

## 2. Maximum Penalties

CR 15-640:

The penalty for Count One is as follows: a term of imprisonment of not more than twenty (20) years; a fine of not more than two-hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than three (3) years.

CR 16-218:

The penalty for the offense charged in Count One of the Second superseding Indictment is a term of imprisonment of not more than life, pursuant to 18 U.S.C. § 1963(a); a fine of not more than two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b); and a term of supervised release of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b).

The statutory penalty for the offense charged in Count Twenty, is a minimum mandatory term of imprisonment of five (5) years and up to life imprisonment, a fine not to exceed two hundred fifty thousand dollars ($250,000) and a term of supervised release of not more than five (5) years.

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

U.S. v. Obryan Hernandez-Lopez, 16-218 (RAM)

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Rule 11(c)(1)(C) Warnings

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court a total specific sentence of 114 months of imprisonment.

Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

(a) Should the Court accept the sentencing recommendation, the Court would sentence Defendant to the agreed upon sentencing recommendation;

(b) Should the Court reject the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorable toward Defendant than the plea

agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

7. **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS CR 15-640 COUNT ONE 18 U.S.C. § 2118(b) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §§ 2B2.1(a)(2) (burglary, other than a residence) | 12 |
| More than minimal planning, pursuant to U.S.S.G. § 2B2.1(b)(1) | +2 |
| Taking Controlled Substances an object of the offense, pursuant to U.S.S.G. § 2B2.1(b)(3) | +1 |
| Acceptance of Responsibility, pursuant to U.S.S.G. §3E1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 13 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |

| SENTENCING GUIDELINES CALCULATIONS CR 16-218 COUNT ONE 18 U.S.C. §§ 1962(c), (d) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. §§ 2E1.1(a)(2) and 2D1.1(d)(7) (At least 2 KG but less than 3.5 KG of cocaine) | | | | | 26 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 23[1] |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |
| SENTENCING GUIDELINES CALCULATION COUNT TWENTY 18 USC 924(c) | | | | | |
| For Count Twenty of the Second Superseding Indictment where defendant pleads guilty for possessing a firearm in furtherance of a drug trafficking crime, the guideline sentence is the minimum term of imprisonment of (60 months) as required by statute. | | | | | **60 months** |

### 8. Sentence Recommendation

As to Count One in Criminal case 16-218, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will recommend a specific sentence of 54 months' imprisonment, regardless of the Defendant's criminal history category.

As to Count Twenty in Criminal Case 16-218, both parties will request a consecutive sentence of imprisonment of sixty (60) months' imprisonment, regardless of the Defendant's criminal history category. Thus, both parties will recommend a

---

1 In determining the combined offense level, we disregard Count 1 of 15-640 since it is more than 9 levels less serious than Count 1 of 16-218. See U.S.S.G. § 3D1.4 (c).

total imprisonment term of 114 months' imprisonment, regardless of the Defendant's criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal



Defendant knowingly and voluntarily agrees that, if the total imprisonment sentence imposed by the Court is 114 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

U.S. v. Obryan Hernandez-Lopez, 16-218 (RAM)

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Francisco Adams-Quesada, and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 17. Amendments to Plea Agreement

No other promises, terms, or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
Max Perez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 4/11/22

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 4/11/2022

_____
Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 4/11/2022

_____
Francisco Adams-Quesada, Esq.
Counsel for Defendant
Dated: 4/12/22

_____
Obryan Hernandez-Lopez
Defendant
Dated: 4-12-22

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 4-12-22

_____
Obryan Hernandez-Lopez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 4/12/22

_____
Francisco Adams-Quesada
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Obryan Hernandez-Lopez admits that Defendant is guilty as charged in Count One of the Indictment in CR 15-640 and Counts One and Twenty of the Second Superseding Indictment in CR 16-218 and admits the following:

Beginning in or about the year 2005, and up to and until April 2016, in Puerto Rico, Defendant was part of a criminal organization whose members and associates engaged in in robbery, burglary, drug distribution and other acts of violence, including murder. The criminal organization constituted an "enterprise," as defined by Title 18, U.S.C. § 1961(4) ("the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce. The purpose of the enterprise was to enrich its members and associates.

As a member of the enterprise, Defendant knowingly and intentionally conspired with diverse other persons to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity consisting of multiple acts:

1. Acts indictable under 18 U.S.C. §§ 1951 and 2 (relating to interference with commerce by robbery);

2. Acts involving robbery, as defined in the Puerto Rico Penal Code; chargeable under article 198 (2004 Penal Code) and 189 (2012 Penal Code); relating to

participation including (i) aiding and abetting, under articles 43 (2004 Penal Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code);

3. Acts involving kidnapping, as defined in the Puerto Rico Penal Code; chargeable under articles 169 (2004 Penal Code) and 157 (2012 Penal Code); relating to participation including (i) aiding and abetting, under articles 43 (2004 Penal Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code);

4. Offenses involving drug trafficking, including cocaine base (commonly referred to as "crack"), cocaine, heroin, marijuana, oxycodone (commonly known as Percocet), and alprazolam (commonly known as Xanax), in violation of the laws of the United States, that being, 21 U.S.C. §§ 841 and 846;

5. Acts involving murder, chargeable under article 105 and 106 (2004 Penal Code) and, 92 and 93 (2012 Penal Code); relating to participation including (i) aiding and abetting, under articles 43 (2004 Penal Code) and 44 (2012 Penal Code); (ii) attempt, chargeable under article 35; and (iii) conspiracy, chargeable under articles 249 (2004 Penal Code) and 244 (2012 Penal Code).

Each member agreed that a conspirator would commit at least two (2) acts of racketeering activity in the conduct of the affairs of the enterprise. Some of the racketeering activities committed by the defendant include:

That on or about October 15, 2015, the Defendant Obryan Hernandez-Lopez, aided and abetted by others, unlawfully attempted to enter, with the intent to steal anything of value, to include, any material or compound containing any quantity of a controlled substances, the business premises or property of Farmacia San Pedro, located in Lajas, P.R.. The Defendant Obryan Hernandez-Lopez acknowledges that in order to carry out the burglary of Farmacia San Pedro they attempted to disable the alarm system.

The replacement cost of the material and compound containing controlled substances was not less than five hundred dollars ($500.00). That at all times material to this Indictment, Farmacia San Pedro, is a pharmacy registered with the Drug Enforcement Administration under Title 21, United States Code, Section 822.

As a member of the enterprise, the Defendant conspired to possess with intent to distribute two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule I Narcotic Drug Controlled Substance, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Narcotic Drug Controlled Substance, and a mixture or substance containing a

detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Narcotic Drug Controlled Substance.

For purposes of this Plea Agreement, however, the Defendant Obryan Hernandez-Lopez acknowledges that he possessed with intent to distribute at least 2 kilograms, but less than 3.5 kilograms of cocaine. Moreover, the Defendant Obryan Hernandez-Lopez accepts that at some point in the conspiracy, he possessed a firearm in furtherance of a drug trafficking crime.

On or about September 3, 2014, the Defendant Obryan Hernandez-Lopez possessed heroin, cocaine and marijuana.

On or about August 18, 2015, the Defendant Obryan Hernandez-Lopez and others robbed the Gulf Gas Station Convenience Store located in Ciales, PR, and stole sixty-one thousand and four hundred and eighty dollars ($61,480) from an ATM machine belonging to Banco Popular of Puerto Rico, they also stole eight hundred and seventy-one dollars ($879) from the cash register, fifty (50) cigarette cartons worth over three-thousand dollars ($3,000), in committing the offense, they threatened the clerk with a dangerous device, to wit, a sledgehammer, and restrained the clerk in the bathroom.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

U.S. v. Obryan Hernandez-Lopez, 16-218 (RAM)

At trial, the United States would have proven beyond a reasonable doubt that defendant Obryan Hernandez-Lopez is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

_____
Antonio Luis Perez-Alonso
Assistant U.S. Attorney
Dated: 4/11/2022

_____
Francisco Adams-Quesada Esq.
Counsel for Defendant
Dated: 4/12/22

_____
Obryan Hernandez-Lopez
Defendant
Dated: 4-12-22

DPR